50948, 50949. DALTON ROCK PRODUCTS COMPANY
v. FANNIN COUNTY et al.; and vice versa.

STOLZ, Judge.

From March through September, 1973, Fannin County purchased and received a quantity of rock or paving stone from Dalton Rock Products Co. The rock was hauled from the company's place of business approximately 58 miles to the sites chosen for delivery by Fannin County. The hauling was done by trucks owned by Orville Lance, a member of the Fannin County Board of Commissioners. The evidence showed that the standard price was charged for the rock and the hauling. The total bill for the rock and delivery was $23,158.53. The purchase of the rock was approved by the Fannin County Board of Commissioners and a check for $23,158.53 was sent to the seller. Subsequently, the chairman of the board of commissioners stopped payment on the check. Dalton Rock Products Co. then sued Fannin County for the amount due plus interest, and subsequently moved for summary judgment for the amount of the suit. Fannin County's answer admits receipt and use of the rock, but denies liability on the theory that "one of the duly elected County Commissioners of Fannin County has a direct

pecuniary interest in the contract . . . and, therefore, such contract is void and unenforceable." The trial judge granted summary judgment in favor of Dalton Rock Products Co. and against Fannin County in the amount of $9,491.10 plus interest (for the rock actually received), but denied the motion for the hauling charge (the balance of the suit). Fannin County appeals the partial grant of summary judgment. Dalton Rock Products Co. cross appeals the denial of summary judgment for the balance of the suit.

1. There was no genuine issue of fact presented as to Fannin County's receipt and subsequent use of the rock or paving stone in question. The trial judge correctly granted partial judgment for the cost thereof, plus interest in favor of Dalton Rock Products Co. Case No. 50948 is affirmed.

2. "No ordinary, county commissioner, board of county commissioners, or any other county officer authorized or empowered by law to use public or county funds for the purchase of goods or property of any kind for public or county purposes, shall purchase said goods or property from any store in which he is an employee, or in which he is directly or indirectly interested, or from any person or partnership of which he is a member, or by whom he is employed, unless by sanction of the majority of the board of county commissioners of the county, or unless it shall be made clearly to appear that the said individual, partnership or owner of the store offers and will sell the goods or property as cheap[ly] as or cheaper [more cheaply] than it can be bought elsewhere." Code § 23-1713.

The evidence that the hauling fee paid to Commissioner Lance was the same as that which would have been paid to anyone else, does not, on motion for summary judgment where all inferences are construed against the movant, satisfy the statutory requirement that it shall clearly appear that the goods purchased (here the hauling of rock or paving stone) were as cheap or cheaper than they could be bought elsewhere. The record does not affirmatively disclose that the hauling could not have been done by someone else at a lower rate. The trial judge correctly denied summary judgment as to the

hauling charges. Case No. 50949 is affirmed.
*Judgments affirmed on the main and cross appeals.*
*Deen, P. J., and Evans, J., concur.*

ARGUED SEPTEMBER 8, 1975 — DECIDED NOVEMBER 6, 1975 —
REHEARING DENIED NOVEMBER 20, 1975 —

*Pittman, Kinney, Kemp, Pickell & Avrett, H. E.
Kinney,* for appellant.
*McCurdy & Candler, George H. Carley,* for appellees.